Logene UPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–95–00267–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 24, 1997.

---

Glenn J. Youngblood, Houston, for appellant.

S. Elaine Roch, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

ANDERSON, Justice.

Appellant, Logene Upson, was convicted of aggravated robbery, and an affirmative finding that a deadly weapon was used or exhibited during the commission of the offense was entered on the face of the judgment form. On appeal, appellant asks us to reform the judgment by deleting the affirmative finding because (1) there is no evidence to support such a finding, or (2) there is no evidence to support the conviction of appellant other than as a party. We affirm.

The complainant, James Billups, was in Houston on a business trip when he checked into a Motel 6 near the airport at around six o'clock in the evening. After dropping off his luggage in his motel room, he drove to a nearby McDonalds to pick up a sandwich. About thirty minutes later, he returned to the motel. As he pulled into the parking lot, he noticed a brown Cadillac occupied by two men parked nearby. The driver was leaning out the window as if he were conversing with an individual on the second floor balcony of the motel. Billups parked and took the elevator up to his room on the third floor. Before entering his room, he noticed that the Cadillac had moved to the foot of the stairway, near the elevator he had just taken up to his room. Billups went into his room, locked and dead bolted the door, and went to the phone to call his wife. While waiting for her to answer, he heard loud noises coming from the door. He hung up the phone and, as he approached the door, he heard another loud noise and the door flew open. Two black males were standing in the doorway. One of them was Earl Thomas, the driver of the Cadillac. He carried a tire tool. The other man was identified as appellant, Logene Upson. The men forced their way into the room, and Thomas swung the tire tool at Billups, striking him on the arm. Billups

tried to get out of the room, but appellant grabbed him and pulled him back. The men pushed him to the floor and repeatedly hit him on the head and shoulder with the tire tool. Appellant told him, "We don't want to kill you. Quit fighting." The men took Billups' watch and his wallet, then left the scene.

Victor Tragat, a motel guest in a neighboring room, heard the noise and came out to investigate. He saw a man leaving Billups' motel room and got the license plate number of the brown Cadillac in which he saw two black males leaving. Tragat called police and then went to assist Billups. Later that same night, police caught up with the brown Cadillac, and after a high speed pursuit which ended in a collision, arrested appellant and Thomas, the only occupants of the vehicle. The license plate number on the Cadillac matched the number of the vehicle Tragat saw leaving the Motel 6. The car had been reported stolen. Billups identified both Thomas and appellant as his assailants. Appellant was convicted of aggravated robbery.

At the punishment phase of trial, appellant elected to have the judge assess his sentence. The judge made an affirmative finding that a deadly weapon was used or exhibited during the offense and entered the finding on a preprinted judgment form by circling the word "yes" for deadly weapon under the "Affirmative Findings" section. On appeal, appellant argues that the trial court improperly entered this affirmative finding. In his first point of error, he contends that there is no evidence to support such a finding. Alternatively, in his second point of error, he contends the trial court erred in entering a general rather than a specific finding of a deadly weapon. Because we agree with appellant's second point of error and hold that the deadly weapon finding was erroneously entered, we need not address appellant's first point of error.

■ In this case, the indictment alleged that the defendant used a deadly weapon, and the jury found the defendant guilty as charged in the indictment. Generally, an affirmative finding of a deadly weapon may be entered when the indictment alleges the use of a deadly weapon and the jury finds the defendant guilty as charged in the indictment, the weapon is deadly per se, or the jury affirmatively answers a special issue on

the matter. *Pritchett v. State,* 874 S.W.2d 168, 172 (Tex.App.—Houston [14th Dist.] 1994, no pet.). However, when the law of parties is applied, an affirmative finding of a deadly weapon may only be entered when the court finds that the appellant knew a deadly weapon would be used or exhibited. *Id.* at 172. This court has held that, when it is clear that the defendant was convicted as a party, the deadly weapon finding must be specific. *Tate v. State,* 939 S.W.2d 738, 754 (Tex.App.—Houston [14th Dist.] 1997, no pet.); *Mulanax v. State,* 882 S.W.2d 68, 71 (Tex.App.—Houston [14th Dist.] 1994, no pet.). In other words, the finding must affirmatively indicate that the trier of fact found the defendant knew that a deadly weapon would be used during the commission of the offense. *Id.* Because the finding in this case was not specific as to appellant's knowledge concerning the deadly weapon, it was erroneous. This court has the authority to reform the decree by redacting an erroneous deadly weapon finding, and we have done so in prior cases. *See, e.g., Tate,* 939 S.W.2d at 754. However, such a reformation is unnecessary here because we find that the erroneous entry of a deadly weapon finding was harmless in this case.

■ An error is harmless when an appellate court determines beyond a reasonable doubt that it has made no contribution to the conviction or punishment. TEX.R.APP. P. 81(b)(2). The significance of a deadly weapon finding is its impact on the defendant's parole eligibility. TEX.CODE CRIM. PROC. ANN. art. 42.18, § 8(b)(3) (Vernon Supp.1997). When an affirmative finding has been made, the defendant is not eligible for parole until his actual calendar time is served, without consideration of good conduct time, equals one-half the maximum sentence or thirty calendar years, whichever is less, so long as it is not less than two calendar years. *Id.* In an unpublished opinion, another panel of this court has held that an improper deadly weapon finding amounts to harmless error in a case where the defendant has been convicted of aggravated robbery. *See Harmon v. State,* No. 14–93–00971–CR (Tex.App.—Houston [14th Dist.] June 5, 1997, no pet. h.). Aggravated robbery is one of several offenses statutorily designated to be subject to the same limitations on parole eligibility that

apply when a deadly weapon finding has been specifically entered. Tex.Code Crim. Proc. Ann. art. 42.12, § 3(g) and art. 42.18, § 8(b)(3) (Vernon Supp.1992).[1] Because appellant was convicted of aggravated robbery and is subject to the same limitations on parole eligibility regardless of the deadly weapon finding, we hold that the error occurring in this case was harmless and affirm the judgment of the trial court.

1. At the time the offense in this case was committed, Article 42.18, section 8(b)(3) stated:

> If a prisoner is serving a sentence for the offenses described by Subdivision (1)(B), (C), or (D), of Section 3g(a), Article 42.12 of this code, *or* if the judgment contains an affirmative finding under Subdivision (2) of Subsection (a) of Section 3g of that article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-fourth of the maximum sentence or 15 calendar years, whichever is less. . . .

Tex Code Crim. Proc. Ann. art. 42.18 § 8(b)(3) (Vernon 1992) (emphasis added). The portions of article 42.12, section 3g referred to in article 42.18, *section 8(b)(3), above, provided, in part:*

> (a) The provisions of Section 3 of this article do not apply:
> (1) to a defendant adjudged guilty of an offense defined by the following sections of the Penal Code:
>
> ✻ ✻ ✻ ✻ ✻
>
> *(D) Section 29.03, Penal Code (Aggravated robbery)*
> or

> (2) to a defendant when it is shown that a deadly weapon as defined in Section 1.07(a)(11), Penal Code, was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited. *On an affirmative finding* under this subdivision, the trial court shall enter the finding in the judgment of the court. On an affirmative finding that the deadly weapon was a firearm, the court shall enter that finding in its judgment.

Tex.Code Crim. Proc Ann. art. 42.12, § 3(g)(a)(1)-(2) (Vernon 1992) (emphasis added).