Nigel Edwards v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-163-CR

     NIGEL EDWARDS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 97-877-C
                                                                                                                
                                                                                                            
OPINION DENYING MOTION FOR REHEARING
                                                                                                                
   
      The State’s brief on original submission argued that if the trial court erred in finding that
Edwards used a deadly weapon, the error was harmless because the nature of Edwards’
conviction is such that he will suffer all of the same consequences of the deadly weapon
finding.


 However, as our opinion stated, we have recently rejected a similar argument. 
Rachuig v. State, 972 S.W.2d 170, 179 (Tex. App.—Waco 1998, pet. ref’d). In Rachuig, we
said:
We do not presume to know the effect this improper finding might have on [the
defendant]’s parole eligibility under the guidelines established by the Board of
Pardons and Paroles. See Tex. Gov’t Code Ann. § 508.144 (Vernon Supp. 1998). 
Moreover, article 37.12 requires the court to enter “the proper judgment.” Tex.
Code Crim. Proc. Ann. art. 37.12 (Vernon 1981). Such a judgment must accurately
recite any deadly weapon findings. Id. art. 42.01, § 1(21), art. 42.12, § 3g(a)(2)
(Vernon Supp. 1998); cf. Asberry v. State, 813 S.W.2d 526, 529-31 (Tex.
App.—Dallas 1991, pet. ref’d) (appellate court modified judgment to reflect jury’s
deadly weapon finding which trial court had improperly failed to include in
judgment).

Id. Consequently, we applied the same reasoning in this case and sustained Edwards’ sole
issue. Accordingly, the judgment was modified to delete the deadly weapon finding, and we
affirmed the judgment as modified.      
      The State’s motion for rehearing asserts that we erred in finding that Edwards suffered
harm from the trial court’s erroneous deadly weapon finding. The State relies on Upson v.
State, for the proposition that a defendant convicted of a Section 3g offense does not suffer
harm from an erroneous deadly weapon finding. 949 S.W.2d 531, 533-34 (Tex.
App.—Houston [14th Dist.] 1997, no pet.). In Upson, the Houston court stated that an error is
harmless when an appellate court determines beyond a reasonable doubt that it has made no
contribution to the conviction or punishment.


 Id. at 533.
      However, even if the error were harmless, we have the power and duty to correct and
reform the judgment to speak the truth when we have the necessary data and information to do
so. Satterwhite v. State, No. 01-97-00955-CR, slip op. at ___, 2000 WL 964641, at *3 (Tex.
App.—Houston [1st Dist.] July 13, 2000, no pet. h.). If a judgment improperly reflects the
findings of a jury, the proper remedy is reformation of the judgment. French v. State, 830
S.W.2d 607, 609 (Tex. Crim. App. 1992); Joseph v. State, 3 S.W.3d 627, 643 (Tex.
App.—Houston [14th Dist.] 1999, no pet.).
      Accordingly, we deny the State’s motion for rehearing.
 
                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis
      Justice Vance, and
      Justice Gray
Motion for rehearing denied
Opinion delivered and filed July 19, 2000
Do Not Publish