11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Dennis M. Martin

Appellant

Vs.               Nos. 11-00-00015-CR & 11-00-00016-CR  --  Appeals from Harris
County

State of Texas

Appellee

 

In Cause No. 11-00-00015-CR, the jury
convicted appellant of aggravated kidnapping and assessed his punishment at
confinement for 7 years.  In Cause No. 11-00-00016-CR, the jury convicted
appellant of aggravated sexual assault and assessed his punishment at
confinement for 20 years.  The judgment in each case also contains an
affirmative deadly weapon finding.  We modify and affirm.  

Appellant presents three points of error; he
does not challenge the sufficiency of the evidence.  In his third point, appellant
argues that the trial court erred in admitting hearsay into evidence over
objection.  The trial court overruled appellant=s
hearsay objection and allowed the complainant=s
friend, Holly Holder, to testify as follows: 

Q: Just briefly, Holly, tell us what [the complainant] told
you had happened to her when she was in that emotional state.  

A: She told me she was kidnapped and raped by two guys.  

Q: Did she say who?

A: Dennis.  And I don=t
remember the other guy=s
name.  








We hold that the trial court did not abuse
its discretion in admitting Holder=s
testimony because the statements fell within the excited-utterance exception to
the hearsay rule.  See McFarland v. State, 845 S.W.2d 824, 846
(Tex.Cr.App.1992), cert. den=d,
508 U.S. 963 (1993).  Under the excited-utterance exception, TEX.R.EVID.
803(2), statements Arelating
to a startling event or condition made while the declarant was under the stress
of excitement caused by the event or condition@
are not excluded by the hearsay rule.  The statements in this case referred to
the kidnapping and the sexual assaults committed by appellant and his
accomplice.  At the time she made the statements, the complainant had just been
released by appellant and his accomplice after being abducted forcibly from her
home, threatened with death, driven to a secluded area, and sexually assaulted
by appellant and his accomplice.  The record shows that the statements were
made by the complainant within an hour of the initial abduction.  Holder
testified that the complainant was crying, extremely traumatized, upset, and
shaking when she told Holder what had happened.  The third point of error is
overruled.  

In the first and second points of error,
appellant contends that the trial court erred by including an affirmative
deadly weapon finding in each judgment.  The State concedes that the findings
were made in error because the indictments did not allege the use of a deadly
weapon and because the jury did not make such an affirmative finding.  See
Davis v. State, 897 S.W.2d 791 (Tex.Cr.App.1995); Polk v. State, 693 S.W.2d 391
(Tex.Cr.App.1985).  The State, however, suggests that the errors are harmless
because appellant=s
eligibility for parole is limited regardless of the deadly weapon finding. 
TEX. CODE CRIM. PRO. ANN. art. 37.07, '
4(a) (Vernon Supp. 2000).  The State relies on Upson v. State, 949 S.W.2d 531
(Tex.App. - Houston [14th Dist.] 1997, no pet=n). 


Rather than holding that the errors are
harmless, we will modify the judgments to delete the affirmative deadly weapon
findings.  Edwards v. State, 21 S.W.3d 625 (Tex.App. - Waco 2000, no pet=n h.); see Davis v. State,
supra; Medina v. State, 962 S.W.2d 83 (Tex.App. - Houston [1st Dist.] 1997, pet=n ref=d).  In Edwards, the
court refused to Apresume
to know the effect this improper finding might have on [the defendant]'s parole
eligibility under the guidelines established by the Board of Pardons and
Paroles.@  Like the
court in Edwards, we reject the contention that the erroneous inclusion
of a deadly weapon finding is harmless.  Appellant=s first and second points of error are
sustained.  

In his brief, appellant also asks this court
to review for potential error Aseveral
bills of exceptions which the trial court sealed.@ 
We have reviewed the contents of the sealed envelopes as requested, and we find
no error.  

 








The judgments of the trial court are
modified to delete the affirmative deadly weapon findings; as modified, the
judgments are affirmed.  

 

PER CURIAM

 

October 26, 2000                                                                    

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel
consists of:  Arnot, C.J., and 

Wright,
J., and McCall, J.