11th Court of Appeals

Eastland, Texas

Opinion

Dennis M. Martin

      Appellant

Vs.         Nos. 11-00-00015-CR & 11-00-00016-CR  --  Appeals from Harris County

State of Texas

      Appellee

In Cause No. 11-00-00015-CR, the jury convicted appellant of aggravated kidnapping and assessed his punishment at confinement for 7 years. In Cause No. 11-00-00016-CR, the jury convicted appellant of aggravated sexual assault and assessed his punishment at confinement for 20 years. The judgment in each case also contains an affirmative deadly weapon finding. We modify and affirm.

Appellant presents three points of error; he does not challenge the sufficiency of the evidence. In his third point, appellant argues that the trial court erred in admitting hearsay into evidence over objection. The trial court overruled appellant's hearsay objection and allowed the complainant's friend, Holly Holder, to testify as follows:

> Q: Just briefly, Holly, tell us what [the complainant] told you had happened to her when she was in that emotional state.
>
> A: She told me she was kidnapped and raped by two guys.
>
> Q: Did she say who?
>
> A: Dennis. And I don't remember the other guy's name.

We hold that the trial court did not abuse its discretion in admitting Holder's testimony because the statements fell within the excited-utterance exception to the hearsay rule. See McFarland v. State, 845 S.W.2d 824, 846 (Tex.Cr.App.1992), cert. den'd, 508 U.S. 963 (1993). Under the excited-utterance exception, TEX.R.EVID. 803(2), statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" are not excluded by the hearsay rule. The statements in this case referred to

the kidnapping and the sexual assaults committed by appellant and his accomplice. At the time she made the statements, the complainant had just been released by appellant and his accomplice after being abducted forcibly from her home, threatened with death, driven to a secluded area, and sexually assaulted by appellant and his accomplice. The record shows that the statements were made by the complainant within an hour of the initial abduction. Holder testified that the complainant was crying, extremely traumatized, upset, and shaking when she told Holder what had happened. The third point of error is overruled.

In the first and second points of error, appellant contends that the trial court erred by including an affirmative deadly weapon finding in each judgment. The State concedes that the findings were made in error because the indictments did not allege the use of a deadly weapon and because the jury did not make such an affirmative finding. See Davis v. State, 897 S.W.2d 791 (Tex.Cr.App.1995); Polk v. State, 693 S.W.2d 391 (Tex.Cr.App.1985). The State, however, suggests that the errors are harmless because appellant's eligibility for parole is limited regardless of the deadly weapon finding. TEX. CODE CRIM. PRO. ANN. art. 37.07, § 4(a) (Vernon Supp. 2000). The State relies on Upson v. State, 949 S.W.2d 531 (Tex.App. - Houston [14th Dist.] 1997, no pet'n).

Rather than holding that the errors are harmless, we will modify the judgments to delete the affirmative deadly weapon findings. Edwards v. State, 21 S.W.3d 625 (Tex.App. - Waco 2000, no pet'n h.); see Davis v. State, supra; Medina v. State, 962 S.W.2d 83 (Tex.App. - Houston [1st Dist.] 1997, pet'n ref'd). In Edwards, the court refused to "presume to know the effect this improper finding might have on [the defendant]'s parole eligibility under the guidelines established by the Board of Pardons and Paroles." Like the court in Edwards, we reject the contention that the erroneous inclusion of a deadly weapon finding is harmless. Appellant's first and second points of error are sustained.

In his brief, appellant also asks this court to review for potential error "several bills of exceptions which the trial court sealed." We have reviewed the contents of the sealed envelopes as requested, and we find no error.

The judgments of the trial court are modified to delete the affirmative deadly weapon findings; as modified, the judgments are affirmed.

PER CURIAM

October 26, 2000

Do not publish.   See TEX.R.APP.P. 47.3(b).

Panel consists of:   Arnot, C.J., and
Wright, J., and McCall, J.