Anthony WASYLINA, Appellant

v.

The STATE of Texas.

No. PD–0519–07.

Court of Criminal Appeals of Texas.

Jan. 28, 2009.

Steven R. Green, Athens, for Appellant.

Lisa C. McMinn, First Asst. State's Atty., Austin, for State.

KELLER, P.J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON, HOLCOMB, and COCHRAN, JJ., joined.

The court of appeals held that the evidence was legally insufficient to support appellant's conviction for criminally negligent homicide because the evidence showed only that appellant acted recklessly. We hold that proving the greater culpable mental state of recklessness necessarily proves the lesser culpable mental state of criminal negligence, and we therefore reverse the judgment of the court of appeals.

## I. BACKGROUND

Appellant was indicted for the offense of manslaughter. He pleaded "not guilty," and the case was tried to a jury. Over his objection, the trial judge submitted the lesser-included offense of criminally negligent homicide in the jury charge. The jury convicted appellant of criminally negligent homicide.

On appeal, appellant contended that the trial judge erred in submitting the lesser-included offense of criminally negligent homicide because there was no evidence that he acted with criminal negligence. The court of appeals agreed, holding that "there is no evidence of record that would permit a rational jury to find that Appellant is guilty of criminally negligent homicide, but not guilty of manslaughter." [1] Instead of reversing and remanding the case for a new trial on the basis of jury charge error, however, the court of appeals rendered a judgment of acquittal.[2] Though the court acknowledged that "the test for giving an instruction on a lesser included offense is different from the test for legal sufficiency of the evidence to support a conviction," [3] the court of appeals nevertheless found that the evidence was legally insufficient to show that appellant acted with criminal negligence because "the record does not reveal any evidence that Appellant failed to perceive the risk" of death.[4]

## II. ANALYSIS

In *Hampton v. State*, we explained that the test for determining whether evidence is legally sufficient and the test for determining whether to submit a lesser-included-offense jury instruction are "quite different." [5] The evidence could easily be legally sufficient to support a conviction for a lesser-included offense but not justify the submission of a lesser-included-offense instruction because the evidence does not show that the defendant is guilty *only* of

1. *Wasylina v. State*, — S.W.3d —, —, 2007 WL 677778, 2007 Tex.App. LEXIS 1705, 8–14 (Tyler, March 7).

2. *Id.* at —, at 21.

3. *Id.* at —, at 18.

4. *Id.* at —, — n. 8, at 20, 20 n. 8.

5. 165 S.W.3d 691, 693 (Tex.Crim.App.2005).

the lesser-included offense.[6] The *Hampton* case provides an excellent illustration: The defendant in that case was charged with aggravated sexual assault, with the aggravating element being the use of a deadly weapon.[7] The defendant was not entitled to an instruction on the lesser-included offense of sexual assault because all the evidence showed that a deadly weapon was used during the encounter, so the defendant could not be guilty *only* of sexual assault.[8] But the evidence was legally sufficient to convict him of sexual assault.[9] Indeed, it would have to be, since the State's proof of an aggravated sexual assault necessarily included proof of a sexual assault.

An offense is denominated as "lesser-included" precisely because proof of the lesser offense is "included" in the offense described in the charging instrument. If the State proves the charged offense, it necessarily proves all lesser-included offenses. That is why the submission of a lesser-included offense does not violate the defendant's constitutional due-process right to notice of the crime of which he is accused.[10]

The Legislature has specifically designated an offense as "lesser included" if "it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commis-

sion."[11] Furthermore, the Legislature has also prescribed that "[p]roof of a higher degree of culpability than that charged constitutes proof of the culpability charged."[12] Consistent with these statutes, we have held that criminally negligent homicide is a lesser-included offense of manslaughter.[13] The court of appeals erred in holding that the State failed to prove criminal negligence because it proved only recklessness.[14]

The judgment of the court of appeals is reversed, and the case is remanded for that court to address appellant's claim in light of our opinion.

PRICE, J., filed a concurring opinion.

JOHNSON, J., filed a concurring opinion in which COCHRAN, J., joined.

MEYERS, J., filed a dissenting opinion in which KEASLER, and HERVEY, JJ., joined.

## CONCURRING OPINION

PRICE, J., filed a concurring opinion.

The appellant was indicted for manslaughter. Over his objection, the trial court authorized the jury to convict him of the lesser-included offense of criminally negligent homicide should they acquit him of the manslaughter offense. The jury

6. *Id.*

7. *Hampton v. State*, 109 S.W.3d 437, 438 (Tex.Crim.App.2003).

8. *Id.* at 441.

9. *Hampton*, 165 S.W.3d at 694.

10. *Jacob v. State*, 892 S.W.2d 905, 907 (Tex. Crim.App.1995).

11. Tex.Code Crim. Proc. art. 37.09(3); *see also* Tex. Penal Code § 6.02(d)(classifying culpable mental states from highest to lowest).

12. Tex. Penal Code § 6.02(e).

13. *Saunders v. State*, 913 S.W.2d 564 (Tex. Crim.App.1995).

14. We express no opinion on whether the evidence was legally sufficient to show manslaughter or its constituent culpable mental state of recklessness. We simply hold that the court of appeals erred in concluding that proof of recklessness (and thus manslaughter) would not be sufficient to embrace proof of criminal negligence (and thus criminally negligent homicide).

convicted him of criminally negligent homicide. On appeal, the appellant argued that the trial court erred to authorize the jury to convict him of the lesser-included offense because (notwithstanding the fact that the jury acquitted him of manslaughter) there was no evidence to show he was guilty *only* of criminally negligent homicide. The court of appeals agreed and found that the error was not harmless.[1] The court of appeals then turned to the question of what the proper remedy should be. Finding that there was no evidence to support a jury finding of what it called "inattentive risk creation," the court of appeals determined that the proper remedy was to acquit the appellant of criminally negligent homicide as well.[2] In the course of arriving at this holding, the court of appeals distinguished this Court's opinion in *Hampton v. State*, 165 S.W.3d 691 (Tex. Crim.App.2005).[3] We granted discretionary review in order to determine whether this was the appropriate remedy in view of *Hampton*.[4]

In *Hampton*, the appellant was indicted for aggravated sexual assault. Against his wishes, the trial court submitted a lesser-included offense instruction for the offense of sexual assault, and the jury convicted him of this lesser-included offense. The court of appeals initially held that the jury

instruction was justified,[5] finding that there was evidence in the record to support a rational jury finding that the appellant committed the sexual assault without using a knife. This Court reversed, however, holding that the record in fact provided no rational basis for the jury to find a knife was not used, and that the evidence therefore failed to support the lesser-included offense instruction.[6] On remand for a harm analysis, the court of appeals found harm and ordered a new trial on the lesser-included offense of sexual assault.[7] We granted discretionary review a second time to examine the appropriateness of the remedy, and this time we affirmed the court of appeals's holding.[8] We observed that the test for determining whether a lesser-included offense instruction should be submitted is different from the test for determining sufficiency of the evidence.[9] Just because the evidence at Hampton's trial had not shown he was guilty *only* of the lesser-included offense of sexual assault, so as to justify submitting that instruction to the jury, did not mean that the evidence was legally insufficient to prove *at least* sexual assault.[10] And because the evidence had been legally sufficient to support a conviction for sexual assault, we held, there was no jeopardy bar to prose-

---

1. *Wasylina v. State*, —— S.W.3d —— (Tex. App.-Tyler, No. 12–05–00263–CR, 2007 WL 677778, delivered March 7, 2007).

2. *Id.*, at ——, ——, slip op. at 4, 9–10.

3. *Id.*, at ——, slip op. at 9.

4. We did *not* grant discretionary review to examine the court of appeals's holding that the lesser-included offense instruction was submitted erroneously. I therefore decline to reach the question that Judge Johnson has addressed in her separate opinion.

5. *Hampton v. State*, 66 S.W.3d 430 (Tex.App.-Houston [1st] 2001).

6. *Hampton v. State*, 109 S.W.3d 437 (Tex. Crim.App.2003).

7. *Hampton v. State*, (Tex.App.-Houston [1st], No. 01–00–00798, 2003 WL 22413968, delivered Oct. 23, 2003) (not designated for publication).

8. *Hampton v. State*, 165 S.W.3d 691 (Tex. Crim.App.2005).

9. *Id.* at 693–94.

10. *Id.* at 694.

cuting the appellant a second time for that offense.[11]

*Hampton* is not on all fours with the instant case. Sexual assault is a lesser-included offense of aggravated sexual assault by virtue of Article 37.09(1) of the Code of Criminal Procedure.[12] Criminally negligent homicide is a lesser-included offense of manslaughter by virtue of Article 37.09(3).[13] Still, proof of manslaughter should suffice to prove criminally negligent homicide, inasmuch as "[p]roof of a higher degree of culpability than that charged constitutes proof of the culpability charged[,]" [14] and recklessness is statutorily defined as a higher degree of culpability than criminal negligence.[15] Under these provisions, if the evidence is legally sufficient to prove recklessness, it will also suffice to prove criminal negligence, if only "artificially." [16] Just because the appellant's jury acquitted him of a reckless homicide does not necessarily mean the evidence was legally insufficient to support such a verdict; it may only mean that the appellant's particular jury had a higher threshold of reasonable doubt than other, equally rational juries may have had.[17] As the court of appeals's opinion illustrates, the evidence in this case was legally sufficient to justify a conviction for manslaugh-

ter.[18] That the appellant's jury acquitted him of manslaughter means, of course, that he cannot be retried for that offense. But the court of appeals erred to conclude that he cannot be re-prosecuted for the lesser-included offense of criminally negligent homicide because of a lack of evidence to support such a conviction. The evidence is sufficient by virtue of Section 6.02(e) of the Penal Code. I therefore join the Court's opinion.

## CONCURRING OPINION

JOHNSON, J., filed a concurring opinion in which COCHRAN, J., joined.

As we said in *Hall v. State*, 225 S.W.3d 524 (Tex.Crim.App.2007), lesser-included offenses must be ascertainable from the face of the indictment. The issue of whether a jury-charge instruction on a given lesser-included offense is appropriate is a separate matter and, unlike determination of what lesser offenses are included in the charged offense, that issue is dependent on the state of the evidence at the conclusion of the guilt phase.

By its verdict, the jury found that appellant ought to have been aware of a substantial and unjustifiable risk that Guthrie (or someone else) would be injured by his

11. *Id.*

12. *See* TEX. CODE CRIM. PROC. art. 37.09(1) ("An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]").

13. *See* TEX CODE CRIM. PROC. art. 37.09(3) ("An offense is a lesser included offense if . . . it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission[.]").

14. TEX. PENAL CODE § 6.02(e).

15. TEX. PENAL CODE § 6.02(d).

16. *See Saunders v. State*, 913 S.W.2d 564, 572 (Tex.Crim.App.1995).

17. *Cf. Castillo v. State*, 913 S.W.2d 529, 533 (Tex.Crim.App.1995) (plurality opinion) (jurors need not always vote to convict on the basis of legally sufficient evidence, as one juror's threshold for reasonable doubt may legitimately be higher than another's); *Garrett v. State*, 851 S.W.2d 853, 859 (Tex.Crim.App. 1993) ("A particular juror's understanding of proof beyond a reasonable doubt may lead him to require more than the legal threshold of sufficient evidence to answer the second special issue affirmatively.").

18. *Wasylina v. State, supra,* slip op. at 5–7, —— S.W.3d at —— – ——.

actions, but had failed to perceive it. Failure to perceive a risk may arise from many circumstances. Perhaps appellant did not perceive the risk because of anger and fear.

Guthrie was highly intoxicated, had been harassing appellant and his friends for an extended period of time, and had indirectly accused them of being liars when he said that he was following them to make sure that they lived where they had told him they did. Arguably, Guthrie slandered appellant and his friends when he told Foster that they were poachers. Finally, he began shooting at them from a position hidden by darkness while they talked in their own driveway. A natural reaction to such behavior is anger at the insinuations and fear at being the target of gunfire.

Appellant, Foster, and Bryan confronted Guthrie about his attack on the group. When Guthrie saw two guns, he put his own pistol in his front pocket-put away, but still quickly and easily available. Appellant asserted authority over Guthrie by telling him to lie on the ground and to stay there while they summoned the sheriff. The risk that appellant failed to perceive was standing only four or five feet from a highly intoxicated and belligerent individual who had already demonstrated irrational behavior. Agitated by the impending arrival of law enforcement and highly intoxicated, Guthrie also failed to perceive a risk: lunging at a man holding a gun is not a good idea.

A rational jury could have found that Guthrie's death was an accident precipitated by Guthrie's own actions. An equally rational jury would have sufficient evidence to find that appellant failed to perceive a substantial and unjustifiable risk and is guilty of criminally negligent homicide. The challenged instruction was properly given. I join the opinion of the Court.

### DISSENTING OPINION

MEYERS, J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.

Appellant was charged with manslaughter. The State asked for and received, over Appellant's objection, a jury instruction on the lesser-included offense of criminally negligent homicide. The jury was properly instructed on manslaughter with a reckless culpable mental state, and on criminally negligent homicide with a culpable mental state of negligence. The jury acquitted Appellant of the manslaughter charge but convicted him of criminally negligent homicide. He appealed, claiming that because there was no evidence of criminal negligence presented at trial, the trial court improperly submitted to the jury the lesser-included offense of criminally negligent homicide. The court of appeals agreed, and so do I.

Since the State didn't like the results of Appellant's appeal, it appealed to us and raised the following issues: the court of appeals' failure to consider Penal Code section 6.02(e), the use of an improper standard of review, and prosecutorial discretion to submit lesser-included offense instructions. What the State doesn't want us to do is a sufficiency analysis on the facts of this case—it wants us to just say that criminally negligent homicide is always a lesser-included offense of manslaughter and therefore, since this jury was properly charged on the culpable mental states for these offenses and it found Appellant guilty of criminally negligent homicide, there must have been proof of criminal negligence, even though evidence of only recklessness was presented.[1] The

---

1. Alternatively, the State would be happy if

we said that the prosecutor has the discretion

majority acquiesces to the State and declines to analyze the sufficiency of the evidence of criminal negligence, instead holding that "proving the greater culpable mental state of recklessness necessarily proves the lesser culpable mental state of criminal negligence. . . ." In doing so, the majority completely ignores the fact that the State did not *prove* the greater culpable mental state of recklessness, which is why the jury acquitted Appellant of manslaughter.

The majority's holding is based on Texas Penal Code section 6.02(e), which states that "Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged." I would like to emphasize the first word-Proof. In criminal law, that means beyond a reasonable doubt. I would also like to point out that it says "Proof of a higher degree of culpability *than that charged.* . . ." So, if Appellant had been originally indicted for criminally negligent homicide, but at trial the State proved recklessness beyond a reasonable doubt, then section 6.02(e) may apply. Instead, here, Appellant was indicted for manslaughter. And, while there was evidence regarding the reckless mental state that goes along with the manslaughter charge listed in the indictment, there was not proof beyond a reasonable doubt of recklessness, as indicated by the jury's decision to acquit Appellant of that charge. Thus, we have no proof of even the culpable mental state for the charged offense, let alone proof of a higher degree of culpability. Penal Code section 6.02(e) simply does not apply in this case.

I think we should go back to the real issue, starting with whether the lesser-included-offense instruction should have been given. In *Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App.1997), we decided that "the sufficiency of the evidence should be

measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." Or, as we more recently stated in *Grissam v. State*, 267 S.W.3d 39 (Tex.Crim.App.2008), "The legal sufficiency of evidence is measured against the requirements for conviction in a correct charge of the court (as distinguished from the charge that actually was given)."

What is the hypothetically correct jury charge in this case? Is it the charge that actually was given with a lesser-included offense instruction, or should the jury have been instructed on manslaughter only? This consideration necessarily requires an analysis of the sufficiency of the evidence presented at the trial. In my opinion, in this case, the Appellant wins either way. To me, based on the evidence presented at trial, the lesser-included-offense instruction should not have been given (which is what the court of appeals determined). Criminal negligence requires proof that a reasonable person would have recognized the substantial risk that the behavior posed. The State would have had to show not only that the defendant was not aware of the risk, but also that he *should have* been aware of the risk of his behavior, neither of which was presented in this case. Therefore, the hypothetically correct jury charge should have included manslaughter only, and the jury found Appellant not guilty of that offense. However, even if the lesser-included-offense instruction was properly given, the evidence presented at trial of criminally negligent

to raise any lesser-included offense that is        allowed by the indictment.

homicide is not legally sufficient to support a guilty verdict. (Of course, this lack of sufficient evidence is the reason that the instruction should not have been given in the first place).

In her dissenting opinion in *Collier v. State,* Presiding Judge Keller pointed out that "*Malik* recognized that an offense should never be submitted to the factfinder when there is legally insufficient evidence to support it. From these observations it follows that the hypothetically correct jury charge would not include an element of an offense that is supported by legally insufficient evidence." *Collier,* 999 S.W.2d 779, 787 (Tex.Crim.App.1999) (Keller, J., dissenting), *citing Malik,* 953 S.W.2d at 237. I agree. I also agree with the court of appeals that there is no evidence in the record that would permit a rational jury to find that Appellant is guilty of criminally negligent homicide. Therefore, the offense should never have been submitted to the factfinder.

Because the majority fails to analyze the sufficiency of the evidence and instead improperly applies Penal Code section 6.02(e), I respectfully dissent.