**Opinion filed May 5, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00131-CV

_____

## IN THE MATTER OF C.H.L.W., A JUVENILE

**On Appeal from the County Court at Law**

**Midland County, Texas**

**Trial Court Cause No. 6049**

### M E M O R A N D U M   O P I N I O N

A jury found that C.H.L.W. had engaged in two counts of delinquent conduct by committing the offenses of recklessly causing bodily injury to a child and causing bodily injury to a child by criminal negligence. The county court, sitting as a juvenile court, placed C.H.L.W. on probation until his seventeenth birthday. We affirm.

### I. *Background*

In September 2009, B.R. was living in Midland with his mother, Regina, and other members of his family, including his grandmother Vivian and his cousin C.H.L.W. Regina was divorced from B.R.'s father, Brett. Regina had primary custody of B.R., but Brett had visitation on the first, third, and fifth weekends of the month. At the time, B.R. was five years old. C.H.L.W. was around fifteen.

On Wednesday, September 16, 2009, Regina dropped B.R. off to spend the night with her cousin. That night, Regina, Vivian, and C.H.L.W. drove to Dallas for a doctor's appointment that had been scheduled for Thursday morning. After the appointment, they drove back to Midland. On Thursday night, as Regina was giving B.R. a bath, she noticed that he had a bruise the size of a grapefruit on his ribcage. She testified that, when she asked B.R. what had happened, he said that he did not know.

On Friday evening, Brett picked up B.R. to take him on a trip to "O.H. Ivie Lake." While on the trip, he noticed that B.R. had a bruise in the area around his ribcage. It appeared to Brett that the bruise had been caused by knuckles, and B.R. told Brett that C.H.L.W. had hit him with his knuckles. Brett also noticed brown marks underneath B.R.'s chin. B.R. told Brett that C.H.L.W. had punched him in the chin. Brett took pictures of B.R.'s injuries with his cellular phone, and these pictures were admitted into evidence. Brett returned B.R. to Regina's house on Sunday. On Monday, he filed a report with police and, later that week, called Child Protective Services.

Detective Charles Sims of the Midland Police Department investigated the case. He transported B.R. to the Midland Rape Crisis and Children's Advocacy Center to be interviewed. Police took pictures of B.R.'s injuries, which were admitted into evidence. Detective Sims considered the bruise on B.R.'s ribcage to be a serious injury. Based on his experience, Detective Sims believed that the bruise had been caused by a strike with a closed fist. B.R. also had bruise marks on his neck and a scab on his chin, and B.R. told Detective Sims that C.H.L.W. had pulled the scab off his chin. In Detective Sims's opinion, the injuries were not the result of recklessness or criminal negligence.

At the Children's Advocacy Center, Kim Olivas interviewed B.R. The interview was recorded, and the DVD later played for the jury. During the interview, B.R. told Olivas that C.H.L.W. punched him in his side and that it did not feel good. B.R. also said that C.H.L.W. pulled a scab off his chin, which also did not feel good. When Olivas asked B.R. about bruises on his neck, he said that he did not know how they got there. B.R. claimed that his mother told him not to talk about what had happened to his side.

Vivian testified that she had custody of C.H.L.W. She stated that, in the weeks leading up to B.R.'s injuries, C.H.L.W. was never left alone with B.R. and that he was only around B.R. maybe thirty minutes a day.

The State's "Second Amended Petition for Delinquency Trial" alleged three counts of delinquent misconduct. First, it alleged that C.H.L.W. intentionally and knowingly caused bodily injury to a child by striking B.R. on or about his chin with the hand or fist. Second, it alleged that C.H.L.W. intentionally and knowingly caused bodily injury to a child by striking B.R. on or about his abdomen and back with the hand or fist. Third, it alleged that C.H.L.W. intentionally and knowingly caused bodily injury to a child by pulling the scab off B.R.'s chin. Over C.H.L.W.'s objection, the trial court submitted an instruction to the jury regarding all three counts and the lesser included offenses of recklessly causing bodily injury to a child and of causing bodily injury to a child by criminal negligence.

The jury eventually found true only as to the charges that C.H.L.W. recklessly caused bodily injury to a child by striking B.R. on or about the abdomen and that C.H.L.W. caused bodily injury to a child by criminal negligence by pulling the scab off B.R.'s chin.

## II. *Issue*

In his sole issue on appeal, C.H.L.W. argues that the evidence was legally and factually insufficient to support the jury's findings that he committed the offenses of recklessly causing bodily injury to a child and of causing bodily injury to a child by criminal negligence. In particular, he contends that there was only evidence that he intentionally and knowingly caused bodily injury to B.R. and that there was no evidence that he caused bodily injury to a child recklessly or with criminal negligence.

## III. *Discussion*

As part of his sole issue on appeal, C.H.L.W. challenges the factual sufficiency of the evidence supporting his adjudication of delinquency. The adjudication of a juvenile as a delinquent is based on the criminal burden of proof: beyond a reasonable doubt. TEX. FAM. CODE ANN. § 54.03(f) (Vernon Supp. 2010). Therefore, we apply the same standards of review to challenges of the sufficiency of the evidence in the adjudication of a juvenile as we do in criminal cases. *In re L.F.L.T.B.*, 137 S.W.3d 856, 858 (Tex. App.—Eastland 2004, no pet.). We note at the outset of our analysis that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[1] legal-sufficiency standard and the *Clewis*[2] factual-sufficiency

---

[1] *Jackson v. Virginia*, 443 U.S. 307 (1979).

[2] *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We will review appellant's factual sufficiency challenge under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence causes bodily injury to a child. TEX. PENAL CODE ANN. § 22.04(a)(3) (Vernon Supp. 2010). Culpable mental states are classified from highest to lowest as: (1) intentional; (2) knowing; (3) reckless; and (4) criminal negligence. *Id*. § 6.02(d). Proof of one of the four culpable mental states necessarily suffices to prove any lesser culpable mental state. *Id.* § 6.02(e); *Contreras v. State*, 312 S.W.3d 566, 585 (Tex. Crim. App. 2010); *Wasylina v. State*, 275 S.W.3d 908, 910 (Tex. Crim. App. 2009).

C.H.L.W. argues that there was only evidence that he intentionally and knowingly caused bodily injury to B.R. and that there was no evidence that he caused bodily injury to a child recklessly or with criminal negligence. B.R. told Brett that C.H.L.W. hit him in the ribcage with his knuckles. B.R. reported to Detective Sims that C.H.L.W. pulled a scab off his chin. During his interview at the Children's Advocacy Center, B.R. told Olivas that C.H.L.W. punched him in his side and that C.H.L.W. pulled a scab off his chin. Photographs of B.R.'s injuries were admitted into evidence. Regina described the bruise on B.R.'s ribcage as around the size of a grapefruit. Detective Sims considered the bruise on B.R.'s ribcage to be serious. In Detective Sims's opinion, the injuries were not the result of recklessness or criminal negligence.

However, even if C.H.L.W. is correct in stating that there was evidence only that he intentionally and knowingly caused bodily injury to a child, such evidence would still be sufficient to prove that he caused bodily injury to a child with the lesser culpable mental states of recklessness and criminal negligence. *See* Section 6.02(e); *Wasylina*, 275 S.W.3d at 910

4

(holding that the State did not fail to prove criminal negligence because it only proved recklessness).

Thus, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found that C.H.L.W. recklessly caused bodily injury to a child by striking B.R. on or about the abdomen and that C.H.L.W. caused bodily injury to a child with criminal negligence by pulling the scab off B.R.'s chin. C.H.L.W.'s only issue on appeal is overruled.

IV. *Conclusion*

The judgment of the trial court is affirmed.

JIM R. WRIGHT

CHIEF JUSTICE

May 5, 2011

Panel[3] consists of: Wright, C.J.,
McCall, J., and Hill, J.[4]

---

[3]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[4]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.