Opinion filed May 5, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00131-CV

                                                    __________

 

                      IN
THE MATTER OF C.H.L.W., A JUVENILE



 

                                  On
Appeal from the County Court at Law

 

                                                          Midland
County, Texas

 

                                                       Trial
Court Cause No. 6049 

 



 

M
E M O R A N D U M   O P I N I O N

A
jury found that C.H.L.W. had engaged in two counts of delinquent conduct by
committing the offenses of recklessly causing bodily injury to a child and
causing bodily injury to a child by criminal negligence.  The county court,
sitting as a juvenile court, placed C.H.L.W. on probation until his seventeenth
birthday.  We affirm.

I.  Background

In
September 2009, B.R. was living in Midland with his mother, Regina, and other
members of his family, including his grandmother Vivian and his cousin C.H.L.W. 
Regina was divorced from B.R.’s father, Brett.  Regina had primary custody of
B.R., but Brett had visitation on the first, third, and fifth weekends of the
month.  At the time, B.R. was five years old.  C.H.L.W. was around fifteen.

            On
Wednesday, September 16, 2009, Regina dropped B.R. off to spend the night with
her cousin.  That night, Regina, Vivian, and C.H.L.W. drove to Dallas for a
doctor’s appointment that had been scheduled for Thursday morning.  After the
appointment, they drove back to Midland.  On Thursday night, as Regina was
giving B.R. a bath, she noticed that he had a bruise the size of a grapefruit
on his ribcage.  She testified that, when she asked B.R. what had happened, he
said that he did not know.

            On
Friday evening, Brett picked up B.R. to take him on a trip to “O.H. Ivie Lake.” 
While on the trip, he noticed that B.R. had a bruise in the area around his
ribcage.  It appeared to Brett that the bruise had been caused by knuckles, and
B.R. told Brett that C.H.L.W. had hit him with his knuckles.  Brett also
noticed brown marks underneath B.R.’s chin.  B.R. told Brett that C.H.L.W. had
punched him in the chin.  Brett took pictures of B.R.’s injuries with his
cellular phone, and these pictures were admitted into evidence.  Brett returned
B.R. to Regina’s house on Sunday.  On Monday, he filed a report with police and,
later that week, called Child Protective Services.

            Detective
Charles Sims of the Midland Police Department investigated the case.  He
transported B.R. to the Midland Rape Crisis and Children’s Advocacy Center to
be interviewed.   Police took pictures of B.R.’s injuries, which were admitted
into evidence.  Detective Sims considered the bruise on B.R.’s ribcage to be a
serious injury.  Based on his experience, Detective Sims believed that the
bruise had been caused by a strike with a closed fist.  B.R. also had bruise
marks on his neck and a scab on his chin, and B.R. told Detective Sims that
C.H.L.W. had pulled the scab off his chin.  In Detective Sims’s opinion, the
injuries were not the result of recklessness or criminal negligence.

            At
the Children’s Advocacy Center, Kim Olivas interviewed B.R.  The interview was
recorded, and the DVD later played for the jury.  During the interview, B.R.
told Olivas that C.H.L.W. punched him in his side and that it did not feel
good.  B.R. also said that C.H.L.W. pulled a scab off his chin, which also did
not feel good.  When Olivas asked B.R. about bruises on his neck, he said that
he did not know how they got there.  B.R. claimed that his mother told him not
to talk about what had happened to his side.

            Vivian
testified that she had custody of C.H.L.W.  She stated that, in the weeks
leading up to B.R.’s injuries, C.H.L.W. was never left alone with B.R. and that
he was only around B.R. maybe thirty minutes a day.

            The
State’s “Second Amended Petition for Delinquency Trial” alleged three counts of
delinquent misconduct.  First, it alleged that C.H.L.W. intentionally and
knowingly caused bodily injury to a child by striking B.R. on or about his chin
with the hand or fist.  Second, it alleged that C.H.L.W. intentionally and
knowingly caused bodily injury to a child by striking B.R. on or about his
abdomen and back with the hand or fist.  Third, it alleged that C.H.L.W.
intentionally and knowingly caused bodily injury to a child by pulling the scab
off B.R.’s chin.   Over C.H.L.W.’s objection, the trial court submitted an
instruction to the jury regarding all three counts and the lesser included
offenses of recklessly causing bodily injury to a child and of causing bodily
injury to a child by criminal negligence.

The
jury eventually found true only as to the charges that C.H.L.W. recklessly
caused bodily injury to a child by striking B.R. on or about the abdomen and
that C.H.L.W. caused bodily injury to a child by criminal negligence by pulling
the scab off B.R.’s chin.

II.  Issue

In
his sole issue on appeal, C.H.L.W. argues that the evidence was legally and
factually insufficient to support the jury’s findings that he committed the
offenses of recklessly causing bodily injury to a child and of causing bodily
injury to a child by criminal negligence.  In particular, he contends that
there was only evidence that he intentionally and knowingly caused bodily
injury to B.R. and that there was no evidence that he caused bodily injury to a
child recklessly or with criminal negligence.

III.  Discussion

As part of his sole issue on appeal, C.H.L.W. challenges
the factual sufficiency of the evidence supporting his adjudication of
delinquency.  The adjudication of a juvenile as a delinquent is based on the
criminal burden of proof:  beyond a reasonable doubt.  Tex. Fam. Code Ann. § 54.03(f) (Vernon Supp. 2010). 
Therefore, we apply the same standards of review to challenges of the
sufficiency of the evidence in the adjudication of a juvenile as we do in
criminal cases.  In re L.F.L.T.B., 137 S.W.3d 856, 858 (Tex.
App.—Eastland 2004, no pet.).  We note at the outset of our analysis that the
Texas Court of Criminal Appeals has now held in Brooks v. State, 323
S.W.3d 893 (Tex. Crim. App. 2010), that there is “no meaningful distinction
between the Jackson v. Virginia[1]
legal-sufficiency standard and the Clewis[2] factual-sufficiency standard”; that the Jackson v.
Virginia standard is the “only standard that a reviewing court should apply
in determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable
doubt”; and that “[a]ll other cases to the contrary, including Clewis,
are overruled.”  Brooks, 323 S.W.3d at 895, 902, 912 (footnotes added). 
Accordingly, a challenge to the factual sufficiency of the evidence is no
longer viable.  We will review appellant’s factual sufficiency challenge under
the legal sufficiency standard set forth in Jackson v. Virginia.  Under
this standard, we must review all of the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443
U.S. 307; Brooks, 323 S.W.3d at 899.

A
person commits an offense if he intentionally, knowingly, recklessly, or with
criminal negligence causes bodily injury to a child.  Tex. Penal Code Ann. § 22.04(a)(3) (Vernon Supp. 2010).  Culpable
mental states are classified from highest to lowest as: (1) intentional; (2)
knowing; (3) reckless; and (4) criminal negligence.  Id. § 6.02(d). 
Proof of one of the four culpable mental states necessarily suffices to prove
any lesser culpable mental state.  Id. § 6.02(e); Contreras v.
State, 312 S.W.3d 566, 585 (Tex. Crim. App. 2010); Wasylina v. State,
275 S.W.3d 908, 910 (Tex. Crim. App. 2009).

C.H.L.W.
argues that there was only evidence that he intentionally and knowingly caused
bodily injury to B.R. and that there was no evidence that he caused bodily
injury to a child recklessly or with criminal negligence.  B.R. told Brett that
C.H.L.W. hit him in the ribcage with his knuckles.  B.R. reported to Detective
Sims that C.H.L.W. pulled a scab off his chin.  During his interview at the
Children’s Advocacy Center, B.R. told Olivas that C.H.L.W. punched him in his
side and that C.H.L.W. pulled a scab off his chin.  Photographs of B.R.’s
injuries were admitted into evidence.  Regina described the bruise on B.R.’s
ribcage as around the size of a grapefruit.   Detective Sims considered the
bruise on B.R.’s ribcage to be serious.  In Detective Sims’s opinion, the
injuries were not the result of recklessness or criminal negligence.

However,
even if C.H.L.W. is correct in stating that there was evidence only that he
intentionally and knowingly caused bodily injury to a child, such evidence
would still be sufficient to prove that he caused bodily injury to a child with
the lesser culpable mental states of recklessness and criminal negligence.  See
Section 6.02(e); Wasylina, 275 S.W.3d at 910 (holding that the State did
not fail to prove criminal negligence because it only proved recklessness).

Thus,
viewing the evidence in the light most favorable to the verdict, a rational
trier of fact could have found that C.H.L.W. recklessly caused bodily injury to
a child by striking B.R. on or about the abdomen and that C.H.L.W. caused
bodily injury to a child with criminal negligence by pulling the scab off
B.R.’s chin.  C.H.L.W.’s only issue on appeal is overruled.

IV.  Conclusion

The
judgment of the trial court is affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE       

 

May 5, 2011

Panel[3]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[4]

 

 









[1]Jackson v. Virginia, 443 U.S. 307 (1979).

 





[2]Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996). 





[3]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[4]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.