**Opinion issued January 23, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00924-CR

———————————

**TRISTON YOUNG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1319079**

---

## O P I N I O N

A jury convicted appellant, Triston Young, of aggravated robbery and assessed punishment at twenty-five years' confinement.[1]  In his sole issue on

---

[1]  *See* TEX. PENAL CODE ANN. § 29.03 (Vernon 2011).

appeal, appellant contends that the trial court erroneously refused to instruct the jury on the lesser-included offense of robbery.

We affirm.

## Background

On September 4, 2011, Dennis Martinez, Bores Dominguez, and Jose Melendez, the complainant, were talking outside of Melendez's apartment at the Waterford Park Apartments in southwest Houston when a group of four or five men walked up to them. One of the men pointed a gun at Melendez and his friends, and another man, whom Melendez identified in court as appellant, hit Melendez in the face. The men insulted Melendez and his friends and demanded that they hand over their money and cell phones. Three of the men grabbed Melendez and his friends, and the other two men stood nearby and insisted that Melendez comply. The man with the gun pointed the gun at Melendez's wife, who was inside the apartment but visible through a window, and threatened to kill Melendez if he did not let him inside. Melendez heard his wife lock the door to their apartment, and he refused to let the robbers inside. The man holding the gun shot Melendez, and the group fled in a blue and white taxi van. It is undisputed

2

that appellant did not use or exhibit a gun during this incident and that he did not shoot Melendez.[2]

After the shooting occurred, Martinez gave a description of the suspects and the van to Houston Police Department ("HPD") officers, and the officers ultimately tracked the van to another apartment complex. At this complex, the officers found and detained several men, including appellant, in an apartment rented by the owner of the van. Officers brought Dominguez and Martinez by this apartment complex for a field identification, and Dominguez identified several of the men, including appellant, as those involved in the earlier robbery. In a search of the apartment, officers discovered the cell phones stolen during the robbery and a gun that was later confirmed by the HPD crime lab to be the gun used to shoot Melendez.

After officers arrested appellant, Officer J. Rachel conducted appellant's custodial interrogation. The trial court admitted a DVD recording of this interview. In the interview, appellant told Officer Rachel that, on the day of the incident, three of his friends were complaining about how they were having money issues, and they talked about going to "hit someone," which Rachel explained was slang for committing a robbery. Appellant admitted that he accompanied his

---

[2]    Dominguez corroborated Melendez's testimony and also identified appellant as the man who hit Melendez in the face, but not as the shooter. Luisa Cortez, Melendez's wife, agreed with defense counsel that she got a good look at the shooter and that appellant was not the shooter.

3

friends while they drove around looking for robbery opportunities. When they arrived at the Waterford Park Apartments, appellant admitted that he told the others, "If y'all gonna do something, come on, let's do it." At first, appellant stated that he did not know where the gun used to shoot Melendez came from and that he thought they were going to fight to obtain money and other property. He then admitted, "I knew they had the gun, but I really didn't think they was gonna do what they did." Appellant heard the click of the gun's safety being released before he joined the group in front of Melendez's door. After one of his friends shot Melendez, appellant and the others all ran back to the van and fled the scene. Appellant stated that, while in the van, he argued with his friends over the use of the gun, saying, "This is why I told y'all, fuck that gun." He told Officer Rachel, "Instead of them doing it the clean way, he came through with a gun."

The State charged appellant with the offense of aggravated robbery. At the charge conference, appellant requested that the trial court submit an instruction on the lesser-included offense of robbery "based on the testimony where Mr. Young said that he thought they were just going to fight the people to get their property, not use any weapon, and that he did not think that any gun was going to be used." The trial court denied this request and did not submit any lesser-included offense instructions. The written charge contained instructions concerning the law of parties and thus allowed the jury to convict appellant of aggravated robbery if it

4

determined that he was a party to the offense. The jury found appellant guilty of aggravated robbery and assessed punishment at twenty-five years' confinement. This appeal followed.

## Lesser-Included Offense Instruction

In his sole issue, appellant contends that the trial court erred in refusing to submit a jury instruction on the lesser-included offense of robbery.

### A.    *Standard of Review*

Code of Criminal Procedure article 37.09 provides that an offense constitutes a lesser-included offense of a charged offense if:

(1)    it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2)    it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3)    it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4)    it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006). We use the statutory elements and the facts alleged in the charging instrument to find lesser-included offenses. *See Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007).

We employ a two-step analysis in determining whether the trial court should have given an instruction on a lesser-included offense. *See id.* First, we must

5

determine whether an offense is a lesser-included offense of the charged offense, and this is a question of law that does not depend on the evidence to be produced at trial. *Id.* This step must be capable of being performed before trial "by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense." *Id.* at 535–36.

The second step of the analysis asks whether there is evidence that supports giving the lesser-included offense instruction to the jury. *Id.* at 536. The Court of Criminal Appeals has held that

> [a] defendant is entitled to an instruction on a lesser-included offense where the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense.

*Id.* (citing *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)); *see Schmidt v. State*, 278 S.W.3d 353, 362 (Tex. Crim. App. 2009) (stating that "there must be affirmative evidence to rebut the greater element, and the jury may not simply disbelieve evidence establishing the greater" charged offense to entitle defendant to lesser-included offense instruction). In this portion of the analysis, anything more than a scintilla of evidence entitles the defendant to the instruction. *Hall*, 225 S.W.3d at 536. The evidence must establish the lesser-included offense as "a valid, rational alternative to the charged offense." *Id.*; *Williams v. State*, 294 S.W.3d 674, 681 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (stating that

6

"[t]here must be affirmative evidence in the record raising the lesser offense before an instruction is warranted").

The Court of Criminal Appeals has held that the test for determining whether evidence is legally sufficient and the test for determining whether to submit a lesser-included offense instruction are "quite different." *Wasylina v. State*, 275 S.W.3d 908, 909 (Tex. Crim. App. 2009) (quoting *Hampton v. State*, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005)). "The evidence could easily be legally sufficient to support a conviction for a lesser-included offense but not justify the submission of a lesser-included-offense instruction because the evidence does not show that the defendant is guilty *only* of the lesser-included offense." *See id.* at 909–10 (emphasis in original).

### B. Appellant's Entitlement to Lesser-Included Offense Instruction

A person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control over the property, he intentionally, knowingly, or recklessly causes bodily injury to another. *See* TEX. PENAL CODE ANN. § 29.02(a)(1) (Vernon 2011). A person commits aggravated robbery if he commits robbery and uses or exhibits a deadly weapon. *See id.* § 29.03(a)(2) (Vernon 2011). Here, appellant and the State agree that the offense of robbery is a lesser-included offense of aggravated robbery because robbery "is established by proof of

the same or less than all the facts required to establish the commission of the offense charged." *See* TEX. CODE CRIM. PROC. ANN. art. 37.09(1).

We must now determine whether the evidence presented at appellant's trial supports giving an instruction on the lesser-included offense of robbery. *See Hall*, 225 S.W.3d at 531 (stating that second step in lesser-included offense analysis is "determining whether the evidence at trial supports giving one of these predetermined lesser-included offense instructions"). We must therefore determine whether there is some evidence in the record that appellant, if guilty, is guilty only of the offense of robbery. *See id.* at 536; *see also Wasylina*, 275 S.W.3d at 909–10 (holding that, to be entitled to lesser-included offense instruction, some evidence must demonstrate that defendant is guilty only of lesser-included offense).

Penal Code section 7.02 provides that a defendant can be criminally responsible for the conduct of another person—that is, a party to the offense—if the person acts with intent to promote or assist in the commission of the offense and solicits, encourages, directs, aids, or attempts to aid the other person committing the offense. *See* TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 2011); *Davis v. State*, 195 S.W.3d 311, 320 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Evidence is sufficient to convict a defendant under the law of parties if "the defendant is physically present at the commission of the offense and encourages its commission by words or other agreement." *Davis*, 195 S.W.3d at 320 (quoting

8

*Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1996)). "Though mere presence does not automatically make one a party to a crime, it is a circumstance tending to prove party status and, when considered with other facts, may be sufficient to prove that the defendant was a participant." *Id.*; *see also Guevara v. State*, 152 S.W.3d 45, 51–52 (Tex. Crim. App. 2004) ("[T]he Penal Code does not require that the party actually participate in the commission of the offense to be criminally responsible. The Penal Code also does not require that a party to the crime be physically present at the commission of the offense."). When a legal theory of liability—such as law of the parties—is contained in the abstract portion of the jury charge and supported by sufficient evidence, that theory should be taken into account for the purpose of determining whether submission of a lesser-included offense instruction was appropriate. *See Yzaguirre v. State*, 394 S.W.3d 526, 531 (Tex. Crim. App. 2013).

Here, appellant is correct that no evidence in the record reflects that he himself used or exhibited a gun during the robbery of Melendez. However, the written jury charge instructed the jury on the law of parties and authorized a conviction if the jury found that appellant was a party to the offense. Thus, even though he did not use or exhibit a gun, appellant could permissibly be convicted of aggravated robbery under the law of parties if one of his confederates committed aggravated robbery and appellant was a party to this offense. Appellant did not

9

object to the inclusion of the law-of-parties instruction in the charge, and he does not argue on appeal that the State failed to present sufficient evidence to support his conviction under the law of parties.

In his recorded interview, which the trial court admitted into evidence, appellant admitted that, throughout the day of the offense, he discussed "hit[ting] someone"—i.e., committing a robbery—with several of his friends. Appellant and his friends drove around and eventually ended up at Melendez's apartment complex. After they arrived, appellant told his friends, "If y'all gonna do something, come on, let's do it." He told Officer Rachel that he thought the other men were going to fight to obtain Melendez's money. He then stated, "I knew they had the gun, but I really didn't think they was gonna do what they did." Appellant also stated that he heard the click indicating that the gun's safety was turned off before he joined his friends in front of Melendez's door. He also told Officer Rachel that, while he and his friends fled the scene after one of the other men shot Melendez, he argued with his friends over the use of the gun, saying, "This is why I told y'all, fuck that gun." He stated to Officer Rachel, "Instead of them doing it the clean way, he came through with a gun."

Appellant argues that his interview indicates that he "never intended for any of his co-defendants to use the firearm" and thus he was not guilty of aggravated robbery. Appellant's statements in his interview may reflect that he never intended

10

for his friends to actually shoot Melendez, but that is not the pertinent inquiry when determining whether appellant can be found guilty of aggravated robbery under the law of parties. Instead, in order to find appellant guilty of aggravated robbery under the law of parties, it is necessary for the jury to find that appellant knew that one of his friends was going to use or exhibit a deadly weapon—a firearm—during the course of committing the robbery. *See Rodriguez v. State*, 129 S.W.3d 551, 563 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (supp. op. on reh'g) ("In order to find that appellant intended that an aggravated robbery be committed, it was necessary for the jury to find that he knew that his co-defendant was going to use a knife as a deadly weapon in the course of committing the robbery."); *Sarmiento v. State*, 93 S.W.3d 566, 570 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) ("[B]efore jurors were authorized to find appellant guilty, *even as a party*, they first had to believe beyond a reasonable doubt that appellant knew a deadly weapon would be used in the commission of the offense.") (emphasis in original); *Upson v. State*, 949 S.W.2d 531, 533 (Tex. App.—Houston [14th Dist.] 1997, no pet.) ("[W]hen the law of parties is applied, an affirmative finding of a deadly weapon may only be entered [in the judgment] when the court finds that the appellant knew a deadly weapon would be used or exhibited.").

Appellant clearly stated in his interview that he knew his friends were planning a robbery, that he encouraged his friends to commit the robbery, that he

11

knew one of his friends had a gun with him when they robbed Melendez, that he was present during the robbery, that he heard the release of the safety on the gun, and that he saw one of his friends display the gun to threaten Melendez and the others before using it to shoot Melendez. Appellant's statements that he thought they were going to fight for the money and that he did not believe that his friend was going to shoot Melendez do not negate the fact that he knew a gun was going to be exhibited during the robbery, thereby justifying his conviction for aggravated robbery under the law of parties. *See Rodriguez*, 129 S.W.3d at 563; *Sarmiento*, 93 S.W.3d at 570; *Upson*, 949 S.W.2d at 533. Because appellant's statements do not negate his knowledge that the gun would be exhibited during the robbery, these statements do not reflect that appellant is guilty *only* of the lesser-included offense of robbery. *See Wasylina*, 275 S.W.3d at 909–10; *Hall*, 225 S.W.3d at 536.

We therefore conclude that appellant has not established that some evidence in the record supports a finding that, if he was guilty, he was guilty solely of the lesser-included offense of robbery. We hold that the trial court did not err in refusing to submit appellant's requested lesser-included offense instruction.

We overrule appellant's sole issue.

12

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Publish. TEX. R. APP. P. 47.2(b).