**Opinion issued June 18, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00280-CR

————————————

**LOUIS STREDIC, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1376587**

---

## MEMORANDUM OPINION

Louis Stredic was charged by indictment with aggravated robbery by threat with a deadly weapon. *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011). A jury convicted him of the lesser included offense of robbery by threat. Pursuant to a plea bargain with the State, appellant pleaded true to two enhancement

allegations, and the trial court assessed punishment at incarceration for 50 years. In his sole issue on appeal, Stredic contends that the trial court erred in submitting the lesser included offense.

We affirm.

## Background

On February 5, 2013, Lesley Thomas returned to Houston from Dallas. She had parked her car in a parking lot during her trip and returned to her car shortly before midnight. She began wiping condensation off the window when she noticed a man, later identified as Stredic, approaching her. She believed the man was a security guard because he was wearing long blue pants and a blue buttoned-down shirt. Thomas observed Stredic "reaching into his pocket" while he walked toward her, but Thomas believed he was reaching for a cigarette.

Thomas testified at trial that Stredic came behind her and placed a gun in the lower part of her back. Thomas also testified that Stredic placed his left arm around Thomas, knocking her glasses off in the process, and told Thomas that if she did not stop screaming he was going to "blow [her] goddamn brains out." Thomas testified that she saw the gun and described it as "large," "black," and "about a 9-millimeter."

Stredic forced Thomas into the front passenger seat. Stredic then sat in the driver's seat of the car and demanded Thomas's cash, credit cards, and purse.

Thomas gave Stredic $140 in cash and her purse and told him she did not have any credit cards.

He then instructed Thomas to start the car and get out or he would "blow [her] goddamn brains out." While Thomas ran to borrow a cell phone to call the police, Stredic drove away in Thomas's car. The Houston Police Department (HPD) responded to the call, and Thomas gave the officers the license plate number and description of her car, a description of Stredic, and her account of the robbery.

At approximately 7:00 a.m. that same day, police in Brazoria County responded to a citizen's report that a man, later identified as Stredic, was "knocking on her door trying to gain access to her house." Two police officers saw Stredic attempting to drive away, detained him, and discovered that the car he was driving had been reported stolen. After searching the car and Stredic, the officers found Thomas's driver's license in Stredic's pocket.

Officer Crank, an investigator in the HPD Robbery Division, prepared a photographic array containing photographs of Stredic and five other men. Thomas positively identified Stredic "in a matter of seconds" and was "[e]xtremely confident" in her identification.

Stredic was charged with aggravated robbery by threat with a deadly weapon. At the State's request and over Stredic's objection, the trial court

3

submitted the lesser included offense of robbery by threat. The jury found Stredic guilty of the lesser included offense.

## Discussion

In his sole issue on appeal, Stredic argues that the trial court improperly submitted the lesser included offense of robbery.

### A. Standard of Review

We review a challenge to the trial court's jury charge under an abuse of discretion standard. *Love v. State*, 199 S.W.3d 447, 455 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). A trial court abuses its discretion if its ruling is outside the zone of reasonable disagreement. *Narvaiz v. State*, 840 S.W.2d 415, 429 (Tex. Crim. App. 1992). Review of a jury charge requires two steps: "first, the court must determine whether error actually exists in the charge, and second, the court must determine whether sufficient harm resulted from the error to require reversal." *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1986)); *see also Gibson v. State*, 726 S.W.2d 129, 132 (Tex. Crim. App. 1987).

### B. Applicable Law

An offense is a lesser included offense if:

(1)   it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2)     it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3)     it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4)     it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006).  If an offense meets any one of these definitions, then it is necessarily a lesser included offense to the offense charged.  *Hicks v. State*, 372 S.W.3d 649, 653 (Tex. Crim. App. 2012); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985) (citing *Royster v. State*, 622 S.W.2d 442 (Tex. Crim. App. 1981)); *see also Rousseau v. State*, 855 S.W.2d 666 (Tex. Crim. App. 1993).

When a defendant requests submission of a lesser included offense, he must satisfy a two-step test.  *Aguilar*, 682 S.W.2d at 558; *see also Rousseau*, 855 S.W.2d at 672.  First, the defendant must show that "the lesser included offense must be included within the proof necessary to establish the offense charged." *Rousseau*, 855 S.W.2d at 672.  This is a question of law that does not depend on evidence to be produced at trial.  *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007).  Second, "some evidence must exist in the record that if the defendant is guilty, he is guilty only of the lesser offense." *Rousseau*, 855 S.W.2d at 672.

5

However, the Court of Criminal Appeals has held that a different burden applies when the State requests submission of a lesser included offense. The State is only required to prove the first step of the test. *Grey v. State*, 298 S.W.3d 644, 650–51 (Tex. Crim. App. 2009) (overruling *Arevelo v. State*, 943 S.W.2d 887 (Tex. Crim. App. 1997)); *Satchell v. State*, 321 S.W.3d 127, 136 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (relying on *Grey* and holding, "to obtain a lesser-included offense instruction, the State need only show that its requested instruction describes a lesser-included offense of the charged offense").

## C.      Analysis

A person commits robbery

(a)      . . . if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:

   (1)      intentionally, knowingly, or recklessly causes bodily injury to another; or

   (2)      intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

TEX. PENAL CODE ANN. § 29.02(a) (West 2011).

A person commits aggravated robbery

(a)      . . . if he commits robbery as defined in Section 29.02, and he:

   (1)      causes serious bodily injury to another;

   (2)      uses or exhibits a deadly weapon; or

6

(3)    causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is

(A)    65 years of age or older; or

(B)    a disabled person.

*Id*. § 29.03(a) (West 2011).

The elements of robbery and aggravated robbery, as they relate to this case, are the same except that aggravated robbery requires an additional finding that the defendant (1) caused serious bodily injury to another, (2) used or exhibited a deadly weapon, or (3) caused bodily injury or threatened or placed another person in fear of imminent bodily injury if the other person is 65 years of age or older or disabled. *Young v. State*, 428 S.W.3d 172, 176 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Thus, "the offense of robbery is a lesser-included offense of aggravated robbery because robbery 'is established by proof of the same or less than all the facts required to establish the commission of the offense charged.'" *Id*.; *see also Penaloza v. State*, 349 S.W.3d 709, 711 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) ("Robbery is a lesser included offense of aggravated robbery."); *Jones v. State*, 921 S.W.2d 361, 364 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (same).

Because the elements of robbery and aggravated robbery are the same except that aggravated robbery requires proof of additional facts, robbery is a lesser

7

included offense of aggravated robbery under the first definition in Article 37.09 of the Texas Code of Criminal Procedure. Because robbery is a lesser included offense of aggravated robbery, the trial court did not err in submitting the lesser included offense of robbery at the State's request. *Grey*, 298 S.W.3d at 650–51.

We overrule Stredic's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Rebeca Huddle
Justice


Panel consists of Justices Keyes, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

8