Opinion issued August 7, 2018



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00418-CR

———————————

## MARIO ANTONIO RIVERA RIVERA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 184th District Court
Harris County, Texas
Trial Court Case No. 1487231

## MEMORANDUM OPINION

A jury found appellant, Mario Antonio Rivera Rivera, guilty of the offense of continuous sexual abuse of a child,[1] and the trial court assessed his punishment at confinement for thirty years. In two issues, appellant contends that the trial court erred in denying his request for a jury instruction on the lesser-included

---

[1]    *See* TEX. PENAL CODE ANN. § 21.02 (Vernon Supp. 2017).

offense of aggravated sexual assault[2] and in instructing the jury about other matters.

We affirm.

**Background**

M.P., the complainant, testified that appellant, who was dating her mother, would watch her and her younger siblings while her mother worked at night. Over the course of a year, when she was nine or ten years old, he, on numerous occasions, made her "have sex with him," penetrating her vagina with his penis. Although the complainant could not remember the exact number of times that appellant did this, she knew it was "definitely more" than five and "likely more" than fifteen times. The complainant explained that she did not tell her mother about the abuse until she was thirteen years old, at which point her mother took her to file a report with law enforcement authorities and then for a physical exam by a doctor.

Anna Guerrero, the complainant's mother, testified that the complainant was born on May 13, 2000. She began a relationship with appellant several months before her son was born on March 13, 2011, when the complainant was ten years old. While she worked overnight at a "taco truck," appellant would frequently stay at her apartment to watch her children. When her son was a few months old,

---

[2] *See* TEX. PENAL CODE ANN. § 21.021 (Vernon Supp. 2017).

Guerrero stopped asking appellant to watch her children at night because the complainant told her that he "was knocking on the door" while Guerrero was gone on occasions where she had not asked him to watch her children.

Guerrero further testified that, while she dated appellant, she noticed that the complainant "became very reserved" and "isolated." As time went on, she would not let her mother hug her and did not "want anyone to get near her." She refused to bathe with her brothers as she had done in the past. And she "became disobedient," did not want to go to school, and would "leave with her friends" without permission.

When the complainant was thirteen years old, Guerrero asked her "if something had happened to her." The complainant told Guerrero that appellant, between May 2010 and May 2011 "when she was ten years old," had "sexually abused her" "several times" while Guerrero was at work. After the complainant told Guerrero about the abuse, they went to a police station to report appellant's conduct to law enforcement authorities.

Sergeant M. Suarez, a child abuse investigator with the Houston Police Department, testified that, in March 2014, she was assigned to the complainant's case. The complainant, who was then thirteen years old, told Suarez that appellant had sexually abused her. Suarez referred the complainant for a medical assessment and continued to investigate the allegations against appellant. In October 2015,

Suarez interviewed appellant, and he admitted to having had "sexual relations" with the complainant by penetrating her vagina with his penis on three separate occasions while she was under the age of fourteen years.

Dr. Rohit Shenoi, an emergency medicine physician with Texas Children's Hospital, testified that, on June 17, 2014, he performed a sexual abuse assessment examination of the complainant, who was fourteen years old at the time. As part of his assessment, Shenoi asked the complainant a series of open-ended questions. She answered "yes" when he asked her if anyone had touched "a part of [her] body that [she] did not want to be touched." She then said that appellant had touched her "breast, . . . lips, . . . vagina, and . . . butt." And she explained that he used his "penis" to touch her "vagina" and his hands to touch her "breast and bottom[]." When Shenoi asked how often appellant had touched her, the complainant responded that "he touched [her] every Saturday" for "one and a half years," and on "alternate weeks" thereafter. Shenoi further explained that although his "physical exam and [an] ano-genital exam" of the complainant revealed "no bod[il]y or genital injuries seen," this was not inconsistent with her allegations because the abuse had occurred several years before the exam. Thus, any injuries that she may have suffered would likely have healed by the time of the exam.

Appellant testified that he met Guerrero through a mutual friend, and that they were in an on-and-off relationship for approximately one year. During that

4

time, she asked him for financial assistance and to watch her children while she worked. Appellant stated that he watched Guerrero's children for her approximately 15 times and never sexually abused the complainant. About four years after appellant had stopped dating Guerrero, he received a telephone call from Sergeant Suarez, who asked him to meet her at a police station for an interview. During the interview, she asked about his relationships with Guerrero and the complainant. Appellant explained that he initially denied engaging in sexual relations with the complainant, but later admitted to doing so because he "felt pressured." He also testified that he was born in 1985; therefore, he was older than seventeen years at the time of the abuse.

## Lesser-Included Offense

In his first issue, appellant argues that the trial court erred in denying his request for the jury to be charged on the lesser-included offense of aggravated sexual assault because "[a]t trial, there were various accounts of how many times [he] and [the complainant] had sex."

We review a trial court's decision not to submit a lesser-included offense instruction for an abuse of discretion. *Jackson v. State*, 160 S.W.3d 568, 574–75 (Tex. Crim. App. 2005); *Threadgill v. State*, 146 S.W.3d 654, 665–66 (Tex. Crim. App. 2004). And courts use a two-step analysis to determine whether a defendant is entitled to a lesser-included offense instruction. *Hall v. State*, 225 S.W.3d 524,

528, 535–36 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993).

First, we determine whether the requested offense is a lesser-included offense by comparing the elements of the two offenses. *Hall*, 225 S.W.3d at 535–36; *Young v. State*, 428 S.W.3d 172, 175–76 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Second, we determine whether some evidence exists in the record that would permit a rational jury to find that the defendant is guilty only of the lesser offense, if he is guilty at all. *Hall*, 225 S.W.3d at 536; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); *Rousseau*, 855 S.W.2d at 672–73; *Young*, 428 S.W.3d at 176. There must be some evidence from which a rational jury could acquit the defendant of the greater offense, while convicting him of the lesser-included offense. *Salinas*, 163 S.W.3d at 741; *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). We review all evidence presented at trial to make this determination. *Rousseau*, 855 S.W.2d at 673. And we may not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Moore*, 969 S.W.2d at 8. Anything more than a scintilla of evidence entitles a defendant to an instruction on the lesser-included offense. *Hall*, 225 S.W.3d at 536.

Because the State concedes that aggravated sexual assault is a lesser-included offense of continuous sexual abuse of a young child, as charged, we need only determine whether the evidence would allow a rational jury to find that

appellant was guilty only of the lesser offense of aggravated sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006); *see also* TEX. PENAL CODE ANN. §§ 21.02(b) (Vernon Supp. 2017) (continuous sexual abuse of a young child), 21.02(c)(4) (aggravated sexual assault is "sexual abuse" for purposes of §21.02(b)), 22.021 (Vernon Supp. 2017) (aggravated sexual assault).

Appellant argues that "there was not necessarily sufficient credible evidence that he assaulted [the complainant] multiple times," and, therefore, the jury could have believed that he committed the offense of aggravated sexual assault, but not continuous sexual abuse of a minor. However, the State presented evidence that appellant, over the course of a year, had several sexual encounters with the complainant while she was under the age of fourteen. Although she was not able to specifically recount each incident, she unequivocally stated that appellant had forcefully used his penis to penetrate her vagina regularly over the course of a year while her mother was at work. And although she could not remember the exact number of times he had abused her, she knew he had done so "definitely more" than five and "likely more" than fifteen times. Further, Sergeant Suarez testified that appellant had admitted to her that he had penetrated the complainant's vagina with his penis on three separate occasions while she was younger than the age of fourteen years. Appellant, on the other hand, maintained at trial that he was not guilty and had never sexually abused the complainant. He testified that he only

admitted to having had sexual contact with the complainant during the interview with Suarez because he felt pressured to do so.

We conclude that there is no evidence that appellant is guilty, if at all, only of the offense of aggravated sexual assault. Appellant's entire argument is based on his assertion that the jury could have disbelieved the complainant's testimony that he assaulted her on more than one occasion. However, it "is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. Rather, there must be some evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a lesser-included offense is warranted." *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997). Here, there is no evidence in the record that appellant sexually assaulted the complainant only once. His own testimony at trial was that he had never sexually abused the complainant, even though he previously admitted to Sargent Suarez that he had sexual intercourse with the complainant three times. And a "defendant's own testimony that he committed no offense, or testimony which otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense." *Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001). Accordingly, we hold that the trial court did not err in denying appellant's request for a jury instruction on the lesser-included offense of aggravated sexual assault.

We overrule appellant's first issue.

**Charge Error**

In his second issue, appellant argues that the trial court erred in instructing the jury about the date of the offense because the jurors in "their deliberations were not bound to any specific time period"; in defining the word "child" as a person under seventeen years of age because the statute required the complainant to be under the age of fourteen years; and in not requiring the jury to unanimously agree that the complainant was under the age of fourteen years when at least two of the alleged incidents of sexual conduct occurred because this lessened the State's burden of proof and deprived him of his right to a unanimous jury finding.

We review complaints of jury-charge error under a two-step process, considering first whether error exists. *Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013); *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). If error does exist, we then review the record to determine whether the error caused sufficient harm to require reversal. *Wooten*, 400 S.W.3d at 606. If the defendant preserved error by timely objecting to the charge, an appellate court will reverse if the defendant demonstrates that he suffered some harm as a result of the error. *Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009). If the defendant did not object at trial, we will reverse only if the error was so egregious and created such harm that the defendant did not receive a fair and impartial trial. *Id.* at 26.

Appellant first complains about the following jury instruction:

9

> You are further instructed that the State is not bound by the specific date which the offense, if any, is alleged in the indictment to have been committed, but that a conviction may be had upon proof beyond a reasonable doubt that the offense, if any, was committed at any time within the period of limitations. There is no limitation period applicable to the offense of continuous sexual abuse of a young child.
>
> You are further instructed that in deciding whether the defendant is guilty of the offense of continuous sexual abuse of a young child, you are not to consider any conduct that occurred before September 1, 2007.

Appellant argues that the above jury instruction is erroneous because it did not "bind" the jurors to "any specific time period" so that they were allowed to consider a "broader chronological perimeter" than is permissible by the statute under which he was convicted. In support of his argument, appellant relies on *Mendoza v. State*, No. 14-15-00537-CR, 2016 WL 3341107, at *5 (Tex. App.— Houston [14th Dist.] June 14, 2016, no pet.) (mem. op., not designated for publication). However, the court's holding in *Mendoza* was based on the fact that the complained-of jury instruction authorized the jury to convict the defendant for conduct occurring before the effective date of the statute, which was September 1, 2007. 2016 WL 3341107, at *1 (explaining abuse alleged in indictment occurred between June 2, 2007 and March 2, 2008, but defendant could only be convicted for abuse occurring after September 1, 2007).

Here, appellant was convicted for abuse that occurred after he began dating Guerrero in 2011. None of the abuse alleged in the indictment occurred before

10

September 1, 2007, the effective date of the statute. Further, the instruction about which appellant complains explicitly prohibited the jury from considering conduct before September 1, 2007. The charge also did not permit the jury to consider acts that had occurred after the complainant's fourteenth birthday. The trial court specifically instructed the jury that the offense of sexual abuse of a young child requires that the complainant be younger than fourteen years of age. Additionally, the evidence established that the complainant in this case was younger than fourteen years old during the timeframe of the abuse. Accordingly, we hold that the trial court did not err in instructing the jury about the dates of the offense.

Appellant next complains that the trial court included in its charge a definition of "child" as "a person younger than seventeen years of age." However, this instruction tracks the statutory language for the offense of continuous sexual abuse of a young child, which contains both the statutory definition of "child" and the requirement that the complainant be a "child younger than 14 years of age" for conviction. *See* TEX. PENAL CODE ANN. § 21.02(a) ("child" has the same meaning as set forth in section 22.011(c)), (b)(2) (requiring complainant to be younger than fourteen years of age for conviction under statute). And, as appellant admits, the instruction does specifically state that the complainant had to be younger than fourteen years old for conviction. Accordingly, we hold that the trial court did not

err in including in its charge a definition of "child" as "a person younger than seventeen years of age."

Finally, appellant complains that the "application paragraph" of the trial court's charge "did not instruct jurors that they must find beyond a reasonable doubt" that the complainant was under fourteen years of age. However, the trial court, in several places in its charge, did instruct the jury that the offense of continuous sexual abuse of a young child requires proof of "two or more acts of sexual abuse" committed against a "child younger than 14 years of age." It further instructed the jury that to convict appellant of the offense, the jury had to "unanimously" agree upon a verdict. Moreover, it instructed the jury that the State had to prove "each and every element of the offense charged beyond a reasonable doubt" and if the State failed to do so, then the jury had to elect to "acquit" appellant of the offense. Accordingly, we hold that the trial court did not err in instructing the jury as it did in the application paragraph of its charge.

We overrule appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).