

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,265-03

### EX PARTE TRISTON YOUNG, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1319079-B IN THE 262ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to twenty-five years' imprisonment. The First Court of Appeals affirmed his conviction. *Young v. State*, 428 S.W.3d 172 (Tex. App. — Houston [1st Dist.] Jan. 23, 2014) (pet. ref'd).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

because trial counsel substituted in for appointed counsel without having been retained by Applicant, misled the trial court about having been retained by Applicant, failed to file any pre-trial motions including a motion to suppress Applicant's custodial statement, and failed to communicate a plea offer to Applicant.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 30 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 60 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:  November 20, 2019
Do not publish