

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00139-CR

**JOHN THOMAS ABNEY,**

                                               **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                               **Appellee**

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. DC-F201801001

## MEMORANDUM OPINION

John Thomas Abney was convicted of delivery of a controlled substance over four grams but under 200 grams, enhanced. *See* TEX. HEALTH & SAFETY CODE § 481.112(d). He was sentenced to 80 years in prison. Because the trial court did not err in denying Abney's requested lesser-included-offense instruction and did not abuse its discretion in admitting evidence, and because Abney's cruel and unusual punishment complaint was not preserved, the trial court's judgment is affirmed.

## BACKGROUND

Mistie volunteered to work for law enforcement as a confidential informant. Mistie was considered a "good Samaritan," working for law enforcement for money rather than working off a drug case of her own. She helped law enforcement investigate three people: Ralph, Cynthia, and Abney. Her role was to purchase a quarter of an ounce of methamphetamine from them. Although Cynthia testified that Ralph acquired the drugs for the transaction, Mistie testified that Abney was the one with the drugs.

Mistie was supposed to meet the three at the Home Depot in Cleburne, Texas. When they arrived, Cynthia was driving, Ralph was in the front-passenger seat, and Abney was in the back-passenger seat behind Ralph. According to Mistie, Abney weighed the methamphetamine in the back seat. He pulled a black box out of his bag, flipped it open, put the scales on top of the box, and scooped the methamphetamine into another, smaller bag, weighing it. Abney then handed the methamphetamine to Ralph who handed it to Mistie. Cynthia also testified that Abney handed the methamphetamine to Ralph who handed it to Mistie. As was usual for good Samaritan confidential informants, Mistie was paid $140 for this arranged buy.

## LESSER-INCLUDED OFFENSE INSTRUCTION

Abney first contends on appeal that the trial court erred in denying Abney's requested lesser-included-offense instruction. Specifically, Abney argues that because he handed the methamphetamine to Ralph who then handed it to Misti, there was some evidence that if guilty, he was guilty only of possession of methamphetamine.

In determining whether a charge on a lesser-included offense is required, we apply

the two-step analysis set forth in *Rousseau v. State*.  *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *see also Feldman v. State*, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002).  Under the first prong of *Rousseau*, Abney must establish that the lesser-included offense is included within the proof necessary to establish the charged offense.  TEX. CODE CRIM. PROC. art 37.09; *Feldman*, 71 S.W.3d at 750; *Rousseau*, 855 S.W.2d at 672.  Second, the record must include some evidence that would permit a jury to rationally find that, if guilty, Abney is guilty only of the lesser-included offense.  *Feldman*, 71 S.W.3d at 750; *Rousseau*, 855 S.W.2d at 672.

Possession of a controlled substance can be proved by the same facts necessary to establish a delivery of a controlled substance.  *See Jones v. State*, 586 S.W.2d 542, 545 (Tex. Crim. App. [Panel Op.] 1979).  It may, therefore, be a lesser-included offense of delivery of a controlled substance; and so, the first step of the analysis would be satisfied.  *See* TEX. CODE CRIM. PROC. art. 37.09.  Neither Abney nor the State take issue with this part of the *Rousseau* analysis.  The contested issue in this case involves the second step of the analysis, that is, whether there is evidence in the record that would permit a jury to rationally find that, if guilty, Abney was guilty only of possession of a controlled substance.

Abney was charged with delivery of methamphetamine as a party to the offense. When a legal theory of liability—such as law of the parties—is contained in the abstract portion of the jury charge and supported by sufficient evidence, that theory should be taken into account for the purpose of determining whether submission of a lesser-included-offense instruction was appropriate.  *See Yzaguirre v. State*, 394 S.W.3d 526, 531

(Tex. Crim. App. 2013); *Young v. State*, 428 S.W.3d 172, 177 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

In the abstract portion of the trial court's charge, the jury was instructed on the law of parties as follows:

> Our law provides that a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Each party to the offense may be charged with commission of the offense.

> Our law provides that a person is criminally responsible for an offense committed by the conduct of another if, acting with the intent to promote or assist in the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

In the application paragraph of the charge, the jury was instructed that Abney "did then and there, either individually or as a party as described in Section III above, knowingly deliver, by actual transfer to C.I. 17-038, a controlled substance, namely, methamphetamine, …."

Abney's sole argument in this issue is that because there was no evidence Abney handed the methamphetamine directly to Mistie, that lack of evidence constituted some evidence that if he was guilty, he was guilty only of possession of a controlled substance. We disagree with Abney.

Abney is correct that no evidence in the record reflects he, himself, delivered the methamphetamine. However, the written jury charge instructed the jury on the law of parties and authorized a conviction if the jury found that appellant was a party to the offense. Thus, even though he did not deliver the methamphetamine, Abney could permissibly be convicted of delivery of a controlled substance under the law of parties if

one of his associates committed delivery of a controlled substance and Abney was a party to this offense. In this case, the evidence showed Abney prepared the methamphetamine for delivery and handed it to Ralph who then handed it to Mistie.

Abney did not object to the inclusion of the law-of-parties instruction in the charge and does not argue on appeal that the State failed to present sufficient evidence to support his conviction under the law of parties. Thus, there is no evidence from which a rational jury could acquit Abney of delivery of a controlled substance while convicting him of possession of the controlled substance. In other words, there was no evidence in the record that would permit a jury to rationally find that, if guilty, Abney was guilty *only* of possession of a controlled substance.

Accordingly, the second step of *Rousseau* has not been satisfied, and the trial court did not err in denying Abney's requested instruction on a lesser-included offense. Abney's first issue is overruled.

**AUTHENTICATION OF EVIDENCE**

Next, Abney complains that the trial court erred in admitting exhibits purporting to be from Abney's Facebook page without a proper sponsoring witness. Specifically, Abney contends the exhibits were not properly authenticated pursuant to Rule 901 of the Texas Rules of Evidence.

At the punishment hearing, the State offered exhibits 9-12, all from a Facebook page purported to be Abney's. Abney objected to the exhibits as hearsay. In making his hearsay objection, he also stated:

this wouldn't be the correct sponsoring witness[.] … I don't think there's a

tie to this Defendant. … I can identify a document and say what it is but he's not the proper authenticating witness to testify to its veracity and its believability so I object.

Outside the presence of the jury, however, Abney modified his objection and told the trial court that he had no objection to "the photographs" and only objected to "the textual stuff,…the words" because "[t]hose are hearsay out-of-court statements, each one." He added, "I could look like I'm a woman from California with a Facebook page but I'm really a Russian agent. I just — I don't see the reliability." The trial court confirmed that Abney did not have any objection to the photographs, only the words.

Assuming without deciding Abney raised an objection as to the authenticity of the exhibits, we review the trial court's admission of evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82-83 (Tex. Crim. App. 2016). The trial court abuses its discretion when the decision falls outside the zone of reasonable disagreement. *Id*. at 83.

To properly authenticate an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." TEX. R. EVID. 901(a); *see also Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). Whether the proponent has crossed this threshold is a preliminary determination for the trial court. TEX. R. EVID. 104(a); *Tienda*, 358 S.W.3d at 638; *Ryder v. State*, 581 S.W.3d 439, 454 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Rule 901 provides a non-exclusive list of methods for the authentication of evidence, including witness testimony, appearance, contents, substance, or other distinctive characteristics taken in conjunction with circumstances. TEX. R. EVID. 901(b); *Ryder*, 581 S.W.3d at 454.

The proponent of the evidence does not need to rule out all possibilities

inconsistent with authenticity, or prove beyond any doubt that the evidence is what it purports to be. *Campbell v. State*, 382 S.W.3d 545, 549 (Tex. App. — Austin 2012, no pet.). Actually, the proponent is not required to prove anything. *Dominguez v. State*, 441 S.W.3d 652, 659 (Tex. App. — Houston [1st Dist.] 2014, no pet.). Instead, the rule requires only a showing that satisfies the trial court that the matter in question is what the proponent claims; once that showing is made, the exhibit is admissible. *Id.*

State's Exhibits 9 and 12 are comprised mostly of photographs. In Exhibit 9, the Facebook post contained a new "profile picture" which purportedly was Abney. Also in that Exhibit, was a posted photograph of a tattoo of a woodpecker head inside a wood-grained-looking State of Texas. One comment, "Amen son" was made to the post. In Exhibit 12, the only full photograph in that exhibit was a posted photo of a tattoo of a woodpecker head inside a wood-grained-looking State of Texas. The text, purportedly from Abney, stated, "For all the peacker [sic] woods out there this is my side." Under the post was the statement, also purportedly from Abney, "Texas wood tell [sic] the day I die." State's Exhibits 10 and 11 were memes containing pictures of famous people or characters with text either introducing the content of the meme or explaining the meme. State's Exhibit 10 contained a meme of Alice in Wonderland, with the text, "Girls in my town be like…". State's Exhibit 11 contained memes of Gene Wilder, with the text, "So you're not a whore? Half a gram says you are," and of Leonardo DiCaprio, with the text, "When the cops pull you over…and you don't have any outstanding warrants and there's no dope in the car?!"

Each of these exhibits contained the same additional photographs purportedly of

Abney and his Facebook "friends." Abney had no objection to any of the photographs depicted in any of the exhibits. Photographs taken of Abney and his tattoos when Abney was arrested were admitted into evidence earlier in the punishment hearing. The admitted photographs included a photograph of the woodpecker tattoo. Those photographs show a similarity to the photographs in all of the contested exhibits, and the admitted photograph of the woodpecker tattoo is the same tattoo as shown in State's Exhibits 9 and 12. These circumstances are sufficient to show what the exhibits purport to be; that is, posts made to Abney's Facebook page. Thus, Rule 901 is satisfied, and the trial court did not abuse its discretion in admitting State's Exhibits 9 through 12.

Abney's second issue is overruled.

## CRUEL AND UNUSUAL PUNISHMENT

Finally, Abney argues that his 80-year sentence is excessive and disproportionate and amounts to cruel and unusual punishment in violation of the United States and Texas Constitutions. *See* U.S. CONST. amend. VIII; *see also* TEX. CONST. art. I, § 13. A disproportionate-sentence claim must be preserved for appellate review either by objecting when the sentence is imposed or by raising the claim in a timely-filed motion for new trial. TEX. R. APP. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. Crim. App. 2003) ("Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived."); *see Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (en banc); *see also Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a

defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.").

However, if such a claim is raised in a motion for new trial, the defendant must also present the motion for new trial to preserve the issue for appellate review. *See* TEX. R. APP. P. 21.6; *Bearnth v. State*, 361 S.W.3d 135, 145 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *Guthrie v. State*, No. 10-17-00392-CR, 2019 Tex. App. LEXIS 1035, at *2-4 (Tex. App.—Waco Feb. 13, 2019, pet. ref'd) (not designated for publication). "Presentment requires a defendant to do more than simply file the motion for new trial with the trial court clerk. 'The presentment must be directed to the trial court or another authorized to act on behalf of the trial court.'" *Bearnth*, 361 S.W.3d at 145 (quoting *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998)). "This requirement puts the trial court on actual notice that a defendant desires the trial court to take some action on the motion for new trial such as a ruling or a hearing on it." *Id.* (internal citations & quotations omitted). Proof of presentment must be apparent from the record and can be evidenced by the trial judge's signature or notation on the proposed order attached to the motion for new trial, an entry on the docket sheet indicating presentment, or the setting of a hearing date. *Id.* at 146.

A review of the record shows that Abney did not raise his complaint at the time the sentence was imposed; instead, he raised his complaint in his timely-filed motion for new trial. However, there is no indication from this record that Abney presented his motion for new trial to the trial court. *See id.* at 145-46. The record does not contain a proposed order on Abney's motion for new trial, the docket sheet does not indicate

presentment, and there is no evidence of a hearing date on the motion for new trial.

Consequently, we conclude that Abney has waived this complaint, and his third issue is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins[1]
Affirmed
Opinion delivered and filed December 30, 2020
Do not publish
[CRPM]



---

[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.